UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN M. ROBERTS,

        Plaintiff,

                                CIVIL ACTION NO. 13-10467

                                DISTRICT JUDGE DAVID M. LAWSON

    v.                          MAGISTRATE JUDGE MARK A. RANDON

WELLS FARGO INSURANCE SERVICES
USA, INC.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 9)**

## I.    INTRODUCTION

John Roberts ("Plaintiff") seeks a declaration that his employment agreement with Wells Fargo Insurance Services USA, Inc. ("Defendant") is void.[1]  Plaintiff says he should not be bound by the Agreement – and its two-year non-solicitation clause – because Defendant failed to provide all of the promised consideration: his employment continued but he did not receive any additional compensation.

Plaintiff's motion for partial summary judgment granting declaratory judgment is pending (Dkt. No. 9).  Defendant responded to the motion (Dkt. No. 15).  Plaintiff replied (Dkt. No. 16); Defendant filed additional exhibits (Dkt. No. 18).  This Magistrate Judge heard argument on March 6, 2013.

Because a genuine issue of material fact exists regarding whether Plaintiff's promised additional compensation (a guaranteed draw and increased commission percentage for new

---

[1]Plaintiff also seeks monetary damages, attorney fees and costs.

revenue and net new revenue) constitutes a substantial part of the Agreement, this Magistrate

Judge **RECOMMENDS** that Plaintiff's motion be **DENIED**.

## II.     BACKGROUND

Plaintiff began working as an insurance agent for Defendant in 2001 (Dkt. No. 9 at 2).[2]

On April 19, 2010, Plaintiff signed Defendant's Agreement Regarding Trade Secrets,

Confidential Information, Non-Solicitation, and Assignment of Inventions ("the Agreement")

(Dkt. No. 15; Ex. A).  The Agreement states:

### I.     Introduction

In consideration for my continued employment by a Wells Fargo company and/or
any of its past, present, and future parent companies, subsidiaries, predecessors,
successors, affiliates, and acquisitions (collectively "the Company"), the ability to
participate in a new compensation plan containing new and additional benefits
which include, but are not limited to, a guaranteed draw and an increased
commission percentage for new revenue and net new revenue generated in 2010, I
agree as follows:

\*       \*       \*

### III.    Non-Solicitation Of The Company's Customers and Employees

I agree that for a period of two (2) years immediately following termination of my
employment for any reason, I will not do any of the following, directly or
indirectly or through associates, agents, or employees:

a.      solicit, recruit or promote the solicitation or recruitment of any employee
        or consultant of the Company for the purpose of encouraging that
        employee or consultant to leave the Company's employ or sever an
        agreement for services;

b.      solicit, participate in or promote the solicitation of any of the Company's
        clients, customers, or prospective customers with whom I had Material
        Contact and/or regarding whom I received Confidential Information, for
        the purpose of providing products or services that are in competition with
        the Company's products or services ("Competitive Products/Services").
        "Material Contact" means [i]nteraction between me and the customer,
        client or prospective customer within one (1) year prior to my last day as a

---

[2]All pages numbers are based on CM/ECF pagination.

team member which takes place to manage, service or further the business relationship; or

c.    [a]ccept insurance business from or provide Competitive Products/Services to customers or clients of the Company:

I.    with whom I had Material Contact, and/or

II.   were clients or customers of the Company within six (6) months prior to my termination of employment.

(*Id.* at 2-3). Plaintiff's employment was terminated on August 8, 2012 (Dkt. No. 9 at 2).[3] He seeks expedited declaratory relief because the non-solicitation clause is preventing him from obtaining a job in the industry.

## III.   STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require

---

[3]Plaintiff does not dispute the validity of the Agreement or the non-solicitation provision.

-3-

submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

## IV.   ANALYSIS

Plaintiff argues that in order to enforce the Agreement's non-solicitation clause, Defendant was first required to provide *all* of the promised consideration, including a guaranteed draw and an increased commission percentage for new revenue and net new revenue generated in 2010. Relying on the Restatement of Contracts, Plaintiff seeks an order declaring that Defendant breached the Agreement for lack of full consideration – rendering the Agreement rescinded and the non-solicitation clause unenforceable. *See Woody v. Tamer*, 158 Mich. App. 764, 771-772 (1987):

> (1)   Full performance of a duty under a contract discharges the duty.
>
> (2)   When performance of a duty under a contract is due[,] any non-performance is a breach.
>
> Non-performance is not a breach unless performance is due. Performance may not be due because a required period of time has not passed, or because a condition has not occurred (§ 225), or because the duty has already been discharged (Chapter 12) as, for example, by impracticability of performance (Chapter 11). In such a case non-performance is justified. When performance is due, however, anything short of full performance is a breach, even if the party who does not fully perform was not at fault and even if the defect in his performance was not substantial. Non-performance of a duty when performance is due is a breach whether the duty is imposed by a promise stated in the agreement or by a term supplied by the court (§ 204), as in the case of the duty of good faith and fair dealing (§ 205)

(quoting 2 Restatement Contracts, 2d, § 235, p. 211 and 2 Restatement Contracts, 2d, § 235, comment b, p. 212).

The parties agree that Plaintiff received valid consideration in the form of continued

-4-

employment with Defendant.  Accordingly, Defendant's alleged failure to provide a guaranteed

draw and an increased commission percentage for new revenue and net new revenue constitutes

a partial failure of consideration.[4]  *See* 17A Am. Jur. 2d Contracts § 650 ("[a] partial failure of

consideration occurs when an individual does not deliver a portion of his or her promised

performance") (footnote omitted).  While "a partial failure of consideration is a breach of

contract, . . . it does not necessarily render the entire contract unenforceable." *Id.* (footnote

omitted).  "Before a partial failure of performance of one party will excuse the other from

performing or give a right of rescission, the act not performed must defeat the object of the

contract or go to the root of the contract." *Id.* (footnotes omitted); *see also Adell Broadcasting v.

Apex Media Sales*, 269 Mich. App. 6, 13-14 (2005) ("Rescission is permissible when there is

failure to perform a substantial part of the contract or one of its essential terms, or where 'the

contract would not have been made if default in that particular had been expected or

contemplated'") (quoting *Rosenthal v. Triangle Dev. Co.*, 261 Mich. 462, 463 (1933) (quoting 1

Black, Rescission and Cancellation (2d ed.), p. 553)); *Rosenthal*, 261 Mich. at 463 ("[i]t is not

every partial failure to comply with the terms of a contract by one party which will entitle the

other party to abandon the contract at once"); 17 C.J.S. Contracts § 167:

> A partial failure of consideration, which does not render the entire contract
> unenforceable, occurs when an individual does not deliver a portion of his or her
> promised performance.  A partial failure of consideration can support a claim for
> breach of contract.  There is a partial failure of the consideration given for a

---

[4]Defendant argues that it is entitled to summary judgment, because Plaintiff received all the promised consideration.  In support of its argument, Defendant provided a pay voucher that shows Plaintiff received $1,542.59 for "WFIS 2010 New Revenue Inct." Defendant argues that this constitutes an increase in Plaintiff's pay for new revenue and net new revenue generated in 2010 (Dkt. No. 15; Ex. D).  Assuming Plaintiff's pay voucher does not constitute a "personnel record" under Michigan's Bullard-Plawecki Right to Know Act and the Court can consider this evidence, there is still a question of fact regarding whether the $1,542.59 amount includes an increased commission on *net* new revenue.  There is also a question of fact regarding whether Plaintiff received a guaranteed draw.  Defendant is not entitled to summary judgment.

promise or contact where part of the promised performance is not delivered[.]

*     *     *

A partial failure of consideration does not invalidate the contract but entitles the injured party to a suit for damages.  Although a failure of a nonsubstantial part of the consideration given in exchange for a promise does not excuse the performance of the promise, such a failure may justify an award of damages to the nonbreaching party.

A breach of contract that does not undermine the fundamental expectations of the parties cannot be the basis for the cancellation of the contract.  Thus, where a partial failure of consideration is raised as a ground for rescission of a contract, the court must determine whether the performance which has failed to occur is so important that the contract could not have been made without it; that is, it must be decided whether the failure of performance defeats the object of the contract.

In Michigan, continued employment for an at-will employee is sufficient consideration for a non-solicitation clause in an employment agreement.[5]  *See Robert Half Intern., Inc. v. Van Steenis*, 784 F.Supp. 1263, 1273 (E.D. Mich. 1991) (citation omitted).  Even assuming Plaintiff did not receive the additional compensation, there is a question of fact as to whether it was a substantial part of the contract – requiring rescission.  Plaintiff has not provided any evidence that absent the promised additional compensation, he would have rejected the Agreement and its non-solicitation clause – especially given the fact that the increased commission percentage for new revenue and net new revenue would only cover a one-year period.

## V.    CONCLUSION

Because a genuine issue of material fact exists regarding whether Plaintiff's promised additional compensation (a guaranteed draw and increased commission percentage for new revenue and net new revenue) constitutes a substantial part of the Agreement, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion be **DENIED**.

---

[5]Plaintiff was an at-will employee (Dkt. No. 15; Ex. A at 4).

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  March 28, 2013

## Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, March 28, 2013, electronically.*

*s/Eddrey Butts*
*Acting Case Manager to Magistrate Judge Mark A. Randon*

-7-